IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHIAS SCOTT, #B32311, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 19−cv–00528−SMY |
| vs. | ) ) |
| JOHN BALDWIN, JAQALINE LASHBROOK, FRANK LAWRENCE, QUALLS, WILDBAHER, MARTIN, BUCBU, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN KOCH, RICHERSON, and JOHN DOE 5, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Matthias Scott, an inmate of the Illinois Department of Corrections ("IDOC"), currently incarcerated at Menard Correctional Center ("Menard"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that severe overcrowding at Menard has caused a breakdown in the classification process, resulting in unconstitutional conditions of confinement such as prisoners being doubled celled in small cells and an inability to protect inmates from the increase violence between cellmates. Along with the Complaint (Doc. 1), Plaintiff filed a Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction. (Doc. 2). Because Plaintiff

1

seeks emergency injunctive relief, the Court will take up this matter without delay. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012).

Before addressing Plaintiff's request for injunctive relief, the Court must review the Complaint under 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The factual allegations of the *pro se* Complaint are to be liberally construed at this phase of litigation. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Preliminary Matter - Motion for IFP

Plaintiff has filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 3) but he has failed to provide the necessary prisoner trust fund account information, and this Court had ordered him to provide the required information within 45 days or his case would be dismissed. (Doc. 6). Regardless, because Plaintiff seeks immediate emergency injunctive relief, the Court will take up the case now. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012). Plaintiff must, however, still meet his obligations with regard to the filing fee. To be clear, Plaintiff must either pay the $400 filing fee or submit his inmate trust fund account statement for the six-month period prior to the filing date of this case (November 1, 2018 to May 22, 2019), no later than **July 8, 2019**. If Plaintiff fails to either pay or submit his trust fund account information, this action shall be subject to dismissal for failure to comply with an order of the Court. *See* FED. R. CIV. P. 41(b); *see also* Doc. 6.

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Severe overcrowding

at Menard has resulted in double celling inmates in cells built and designed to hold only one inmate. *Id.* p. 5. The overcrowding has also caused a breakdown in the inmate classification system and inmates, including Plaintiff, are celled with inmates who are severely mentally ill. *Id.* The complaints regarding problems between inmates have increased and are being ignored by correctional staff and administration; all the while, enforcement of policies to ensure prisoner safety has decreased, causing a violent environment and an increase in physical attacks between cellmates, some resulting in death. *Id.* pp. 6, 7, 8, 12. Baldwin, the Director of IDOC, Lashbrook, the former Warden of Menard, Lawrence, the Acting Warden of Menard, and John Doe 5, Internal Affairs Supervisor responsible for administering the classification system and inmate placement, were generally aware of the conditions at Menard, specifically the inadequacy of the classification system, because of the increase in violent attacks and numerous inmate complaints, grievances, reports, and lawsuits pertaining to the same. *Id.* pp. 5-10.

Plaintiff submitted letters to Baldwin, Lashbrook, and Lawrence regarding his conditions of confinement and through his various complaints John Doe 5 was made aware of his situation. (Doc. 1, pp. 15, 16, 18, 19, 21, 35-40; Doc. 1-1, p. 3-10). He specifically complained about how because of overcrowding he was doubled celled with an inmate who has a serious mental illness causing him to fear for his safety and made requests to be transferred to a different cell. *Id.* These letters and complaints went unanswered. *Id.,* p. 21.

Around November 2018, Plaintiff was moved into a cell in West House with a cellmate who he believes is suffering from a serious mental illness. *Id.,* p. 13. His cellmate would talk loudly to himself, shout things at Plaintiff that did not make sense, falsely accuse Plaintiff of doing things that did not happen, and say he wanted to fight Plaintiff. *Id.*, pp. 13, 15; Doc. 1-1, p. 2. Because of this behavior, Plaintiff and his cellmate would have verbal altercations. *Id.*, pp. 13, 15.

3

Plaintiff started to feel that his safety was threatened and that his cellmate would try to physically fight him. *Id.* On several occasions between December 2018 and March 2019, Plaintiff notified Gallery Officers John Doe 3 and John Doe 4, Lieutenant Qualls, Lieutenant Bucbu, West House Major John Doe 1, West House Sergeant John Doe 2, Corrections Officer Martin, Sanitation Officer Wildbaher, and Sergeant Koch, that he would like to be moved because he believed his cellmate suffered from a serious mental illness, they did not get along, and he feared for his safety. *Id.,* pp. 13, 14, 16, 20-21, 22, 24. Plaintiff was told by the Defendants that he spoke with that he would not be moved unless he and his cellmate physically fought, "that[']s just how it is, it[']s the Menard way." *Id.,* pp. 14, 15, 16, 17, 20, 21.

Plaintiff also filed grievances and wrote letters to the gallery counselor, Warden Lashbrook, Major John Doe 1, Sergeant John Doe 2, Warden Lawrence, and Director Baldwin explaining his situation and that Menard prison officials continue to ignore his grievances and refused to move him. *Id.,* pp. 14-19. All of his letters and grievances went unanswered.

On March 30, 2019, Plaintiff was attacked by his cellmate who hit him in the head with an object rendering him unconscious. *Id.*, p. 24. Plaintiff sustained an orbital fracture and several broken teeth. *Id.*, p. 25. Plaintiff had to be taken to an outside hospital for his injuries and still suffers from blurred vision, headaches, and cracked teeth. *Id.*, pp. 21, 28. A disciplinary ticket for fighting was written by Sergeant Koch and witnessed by Officer Richerson, which was later expunged, as it was determined that Plaintiff had been assaulted. *Id.*, pp. 25-26; Doc. 1-1, p. 12.

Plaintiff was placed back in the same cell in West House after being released from the Health Care Unit, and a few weeks later his cellmate was released from segregation and placed in the same gallery, and eventually moved to a different gallery, but remains in West House. *Id.*, p. 26-28. Because of the proximity and the chance that he could run into his attacker, Plaintiff

continues to feel that his safety is in danger. *Id.*, p. 27. He claims that Defendants' continual failure to protect him puts him in jeopardy of being assaulted or having to fight in order to be safe. *Id.*, p. 29.

Based on the allegations in the Complaint, the Court finds it convenient to delineate the claims in this case into the following three Counts:

**Count 1:** Eighth Amendment claim against Baldwin, Lashbrook, Lawrence, and John Doe 5 for overcrowded conditions at Menard, which subjected Plaintiff to unconstitutional conditions of confinement threatening his safety.

**Count 2:** Eighth Amendment claim against Baldwin, Lashbrook, Lawrence, Qualls, Wildbaher, Martin, Bucbu, John Doe 1, John Doe 2, John Doe 3, John Doe 4, Koch, Richerson, and John Doe 5 for failing to protect Plaintiff from his cellmate after numerous complaints.

**Count 3:** Intentional infliction of emotional distress claim in violation of Illinois state law against Baldwin, Lashbrook, Lawrence, Qualls, Wildbaher, Martin, Bucbu, John Doe 1, John Doe 2, John Doe 3, John Doe 4, Koch, Richerson, and John Doe 5 for failing to protect Plaintiff from his cellmate after numerous complaints.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

## Discussion

### Count 1

The Eighth Amendment requires a "minimum standard for the treatment of inmates by prison officials: the prison conditions must not, among other things, involve 'the wanton and unnecessary infliction of pain.'" *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

5

*Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Prison overcrowding is not a *per se* constitutional violation. *See Rhodes* 452 U.S. at 348 (1981). "Accordingly, an inmate's constitutional challenge to prison conditions requires a two-part examination." *Townsend* 522 F.3d at 773. First, Plaintiff must establish that the prison was overcrowded, and that the overcrowding led to intolerable conditions, such as the deprivation of medical care, food, sanitation, or an increase in violence (objective component). *Id.; see also French v. Owens,* 777 F.2d 1250, 1253 (7th Cir. 1985). Additionally, Plaintiff must demonstrate that the defendant acted with deliberate indifference with respect to the conditions (subjective component). *Townsend,* 522 F.3d at 773 (quoting *Farmer v. Brennan*, 511 U.S. 832, 834 (1994)).

Plaintiff alleges that because of overcrowding he was double celled with another inmate who was not classified correctly who threatened his safety in a cell designed for a single inmate. (Doc. 1, pp. 5, 7, 8). This satisfies the objective component of an Eighth Amendment claim.

As to the subjective component, the Complaint suggests that Defendants Baldwin, Lashbrook, Lawrence, and John Doe 5 had the ability to intervene to remedy the complained of conditions but failed to act. Specifically, Plaintiff claims that Baldwin, Lashbrook, Lawrence, and John Doe 5 were on notice of the conditions at Menard because of inmate complaints, lawsuits, and reports. Under similar circumstances, the Seventh Circuit has found that prison administrators were "well aware of multiple grievances from inmates regarding small cells" based on "numerous past lawsuits, including one specifically describing and ordering a remedial plan for overcrowding, small cells, and lack of adequate medical care…." *Turley v. Rednour*, 729 F.3d 645, 652-53 (7th Cir. 2013) (citing *Lightfoot v. Walker*, 486 F. Supp. 504, 511 (C.D. Ill. 1980); *Munson v. Hulick*, 2010 WL 2698279 (S.D. Ill. July 7, 2010) (grievances filed by Plaintiff and other inmates were deemed sufficient at screening to put prison officials on notice of unconstitutional conditions

where Menard prisoner challenged 40' cells that held 2 inmates for 21-22 hours per day). Moreover, Plaintiff alleges each individual Defendant was aware that he was personally subjected to unconstitutional conditions as he wrote letters and grievances regarding the conditions of his confinement and the effects on his safety. These allegations are sufficient to meet the subjective element at the pleading stages. *Perez v. Fenoglio*, 792 F.3d 768, 781-82 (7th Cir. 2015). Therefore, Count 1 will proceed against Defendants Baldwin, Lashbrook, Lawrence, and John Doe 5.

**Count 2**

Prison officials have a constitutional duty to "take reasonable measures to guarantee the safety" of prisoners and protect them "from violence at the hands of other prisoners." *Brown*, 398 F.3d at 909. To state a failure to protect claim, a prisoner must allege that (1) "he is incarcerated under conditions posing a substantial risk of serious harm, and (2) defendant(s) "acted with deliberate indifference to that risk." *Id*.

Plaintiff alleges that he informed Defendants, some more than once, of the danger posed by his cellmate. Despite the information provided and requests for a transfer made by Plaintiff, Defendants did nothing to ensure his safety or that he was transferred to another cell. Based on these allegations, Count 2 shall proceed against Baldwin, Lashbrook, Lawrence, Qualls, Wildbaher, Martin, Bucbu, John Doe 1, John Doe 2, John Doe 3, John Doe 4, Koch, Richerson, and John Doe 5.

**Count 3**

Plaintiff's supplemental state law claim for intentional infliction of emotional distress is premised on the same allegations as his Eighth Amendment claims in Counts 1 and 2. Liberally construing the facts as presented by Plaintiff, these allegations are sufficient to support a claim for

7

intentional infliction of emotional distress. *See* e.g., *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006). Accordingly, Count 3 survives screening.

## Motion for TRO and Preliminary Injunction

As previously noted, Plaintiff has filed a Motion for a Temporary Restraining Order and/or Preliminary Injunction, asking the Court to transfer him from Menard to another facility, claiming his safety is still threatened. (Doc. 2, p. 2).

To obtain injunctive relief, whether through a temporary restraining order ("TRO") or preliminary injunction under Rule 65(a) or (b) of the Federal Rules of Civil Procedure, Plaintiff must demonstrate that (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the relief. *Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014) (*citing Woods v. Buss,* 496 F.3d 620, 622 (7th Cir. 2007)). A TRO is an order issued without notice to the party to be enjoined that may last no more than fourteen days. A TRO may issue:

> only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b).

Relatedly, the Prison Litigation Reform Act ("PLRA") requires that any grant of prospective relief (including TROs) "shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs" and cannot issue "unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

Without expressing any opinion on the merits of any of Plaintiff's other claims for relief, the Court deems it necessary to deny Plaintiff's request for a TRO. Plaintiff alleges that he was attacked by his cellmate in March 2019, and although they are no longer housed in the same cell or gallery, he claims that Defendants are still failing to protect him by allowing his previous cellmate to be housed in the same building as Plaintiff . He fears for his safety since he could cross paths with his attacker at any time. (Doc. 2, p. 1). Plaintiff, however, does not allege that he has received any threats from his former cellmate since returning to his cell following the attack. Because "a speculative fear of injury is not a ground for an injunction," *Wright v. Miller*, 561 F. App'x 551 554 (7th Cir. 2014), Plaintiff has not demonstrated the likelihood of immediate and irreparable harm before Defendants can be heard. Accordingly, the TRO is **DENIED** without prejudice.

Plaintiff's request for a preliminary injunction remains pending until Defendants have been served. **Defendants will respond to the Motion for Preliminary Injunction on or before Tuesday, June 18, 2019**.

### Pending to Appoint Counsel

Plaintiff's Motion for Recruitment of Counsel (Doc. 4) is **DENIED without prejudice**. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating test for recruiting counsel). Plaintiff discloses that he has mailed letters to several law firms in an attempt to obtain counsel and includes with his motion the eleven letters he has written but has received no responses. It appears that he has made reasonable efforts to retain counsel on his own. However, at this time the Court finds that Plaintiff is competent to litigate this matter. Plaintiff claims that he is unable to represent himself due to medical impediments that cause him to seek assistance from fellow inmates when writing the complaint and corresponding motions. He has, however, demonstrated

that he has been able to file documents and relay information to the Court. The claims in this case are straightforward and Plaintiff appears competent to litigate this matter without representation at this time. The Court will remain open to appointment of counsel as the case progresses.

### Identification of Unknown Defendants

As previously noted, Plaintiff will be allowed to proceed with Counts 1 against John Doe 5 and Counts 2 and 3 against John Doe 1, John Doe 2, John Doe 3, John Doe 4, and John Doe 5. However, these defendants must be identified with particularity before service of the Complaint can be made on them. Plaintiff will have the opportunity to engage in limited discovery to ascertain their identity. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In that vein, the Acting Warden of Menard Correctional Center, Frank Lawrence, shall be responsible for responding to discovery aimed at identifying these unknown defendants.[2] Once the names of these individuals are discovered, Plaintiff shall file a motion to substitute each newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

### Disposition

**IT IS ORDERED** that the **Complaint** (Doc. 1) survives preliminary review pursuant to 28 U.S.C. § 1915A. **COUNT 1** will proceed against **BALDWIN, LASHBROOK, LAWRENCE,** and **JOHN DOE 5,** and **COUNTS 2** and **3** will proceed against **BALDWIN, LASHBROOK, LAWRENCE, QUALLS, WILDBAHER, MARTIN, BUCBU, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, KOCH, RICHERSON,** and **JOHN DOE 5**.

**IT IS FURTHER ORDERED** that Plaintiff's request for a temporary restraining order is **DENIED without prejudice**, but Plaintiff's request for preliminary injunction is **DEFERRED**.

**IT IS ORDERED** that the Clerk of Court shall prepare for **BALDWIN, LASHBROOK,**

---

[2] Accordingly, Lawrence is a defendant in his individual capacity with respect to Counts 1 through 3 and in his official capacity with respect John Doe discovery.

**LAWRENCE, QUALLS, WILDBAHER, MARTIN, BUCBU, KOCH,** and **RICHERSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 2), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown Defendants, John Doe 1, John Doe 2, John Doe 3, John Doe 4, and John Doe 5, until Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

**IT IS FURTHER ORDERED** that, if a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

In order to assist the Court in its resolution of the Motion for **Preliminary Injunction,** Defendants are **FURTHER ORDERED** to file a response to the Motion **on or before Tuesday, June 18, 2019**.

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, whether or not his *in forma pauperis* application is granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 28, 2019**

      _s/ Staci M. Yandle_____
      **STACI M. YANDLE**
      **United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**