IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHIAS SCOTT, #B32311, | ) ) |
| Plaintiff, | ) ) ) Case No. 19−cv–00528−SMY |
| vs. | ) ) |
| JOHN BALDWIN, JAQALINE LASHBROOK, FRANK LAWRENCE, QUALLS, WILDBAHER, MARTIN, BUCBU, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN KOCH, RICHERSON, and JOHN DOE 5, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Matthias Scott, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), commenced this action by filing a Complaint pursuant to 42 U.S.C. § 1983, alleging Defendants violated his rights under the Eighth Amendment by subjecting him to unconstitutional conditions of confinement and failing to protect him from his cellmate who violently attacked him (Doc. 1). Along with his Complaint, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2), claiming his safety was still threatened and asking the Court to transfer him from Menard to another facility.

1

In a Merit Review Order issued pursuant to 28 U.S.C. § 1915A, the Court denied Plaintiff's Motion for Temporary Restraining Order, but directed Defendants to respond to his request for a preliminary injunction. (Doc. 9, p. 9). Defendants filed a response (Doc. 18) and Plaintiff filed a Motion for Rebuttal to Defendants' Response (Doc. 20) and a Motion to Supplement his Response (Doc. 24), which the Court **GRANTS**. Plaintiff's Motion for Preliminary Injunction is now before the Court. For the following reasons, the Motion is **DENIED without prejudice.**

## Background

In his Complaint and Motion for Preliminary Injunction, Plaintiff alleges that that he was attacked by his cellmate in March 2019 after notifying prison officials for months that his cellmate was threatening his safety. Although he is no longer housed in the same cell or on the same gallery as his former cellmate, Plaintiff claims that Defendants are still failing to protect him by allowing his previous cellmate to be housed in the same building as him, putting his life in jeopardy; he fears for his safety since he could cross paths with his attacker at any time. (Doc. 2, pp. 1, 4).

Defendants maintain Plaintiff has not established that he will suffer irreparable harm absent a preliminary injunction. (Doc. 18, p. 4). They point out that while Plaintiff alleges his former cellmate is an inmate to keep separate from Plaintiff ("KSF"), pursuant to Menard Placement Policy, the two inmates have been appropriately placed. *Id.* at p. 5; *see also* (Doc. 18-3, p. 2). They assert that because Plaintiff and his former cellmate are housed in separate galleries, there is no potential for them to interact during line movement for meals or various programming. *Id.* Defendants also dispute Plaintiff's allegations that he filed numerous grievances regarding his safety concerns prior to the attack. According to Defendants, Plaintiff's grievance history does not indicate the filing of any grievances related to safety concerns. They also note that Plaintiff does not allege he ever requested protective custody or that such a request was denied. *Id.* at p. 6.

In his Motion for Rebuttal to Defendants' Response, Plaintiff reiterates his contention that there are occasions when he and his former cellmate could interact. (Doc. 20, p. 2). He claims there is one holding area for the cell house and that the whole cell house is placed into this holding area regardless of an inmate's designated gallery. *Id.* As such, they could be placed in the same holding area prior to going to the library or health care unit, or cross paths while waiting to see a health care professional in the cell house's one medical area. *Id.* at pp. 2, 3. In the Supplement to his Response, Plaintiff asserts that a similar situation has happened to another inmate at Menard and attaches the grievance of that inmate. This inmate claims that his request for a cell change has been denied despite reporting that feels his safety is threatened by his cellmate (Doc. 24). Plaintiff claims that this demonstrates a continual disregard on the part of Menard officials to ensure the safety of the inmates, including himself. *Id.* at p. 3.

### **Discussion**

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997)(quoting 11A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2948 (5th ed. 1995). To obtain injunctive relief through a preliminary injunction under Federal Rule of Civil Procedure 65(a), Plaintiff must demonstrate that (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the relief. *Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014) (*citing Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007)). Relatedly, the Prison Litigation Reform Act ("PLRA") requires that any grant of prospective relief "shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs" and cannot issue "unless the court finds that such relief is narrowly drawn, extends no

further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

Plaintiff's fears of being attacked again is a serious concern, but there is no indication that he has seen his former cellmate, has had actual contact with him, or has received any threats from him since returning to his cell following the attack. According to Defendants, the two inmates are currently separated pursuant to Menard Placement Policy and at Plaintiff's request, and because they are in different galleries, Plaintiff and his former cellmate would not cross paths when moving to different locations in the facility. Although Plaintiff refutes this, he does not point to any specific imminent threats – he provides only hypothetical scenarios. (Doc. 2, p. 4; Doc. 20, p. 9). "A speculative fear of injury is not a ground for an injunction," *Wright v. Miller,* 561 F. App'x 551, 554 (7th Cir. 2014). Therefore, Plaintiff has not established that he faces a specific threat of immediate and irreparable injury or loss warranting preliminary injunctive relief, and his Motion for Preliminary Injunction (Doc. 2) is **DENIED without prejudice.**

**IT IS SO ORDERED.**

**DATED: 8/8/19**

      *s/ Staci M. Yandle*      
**STACI M. YANDLE**
**United States District Judge**